UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN WILSKE,

      Plaintiff,                            Civil Action No. 2:08-13270
v.                                         HONORABLE MARIANNE O. BATTANI
                                                 UNITED STATES DISTRICT COURT
JENNIFER GRANHOLM, et. al.,

      Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Dean Wilske's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. For the reasons stated below, the complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:

1

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff's complaint is difficult to understand, but it appears that he is alleging that he was wrongly convicted of a major misconduct for sexually assaulting a fellow inmate. As a result of this conviction, plaintiff received a higher security classification after being labeled a high assaultive risk. Plaintiff appears to argue that this new classification has affected his prison placement

and may ultimately affect his chances of parole.  Although unclear, plaintiff may also be alleging that he was denied his right of access to the courts because the Ingham County Circuit Court refused to suspend the filing fees for the filing of his petition for judicial review involving his major misconduct ticket.

Plaintiff now sues Governor Jennifer Granholm, Patricia Caruso, the director of the Michigan Department of Corrections, and the Michigan Department of Corrections.  Plaintiff seeks injunctive and monetary relief.

## IV.  Discussion

Plaintiff's complaint must be dismissed against Defendant Granholm, because he has failed to allege any facts which would show her involvement in his major misconduct hearing, his security classification, or in the denial of his right of access to the courts.  Under § 1983, public officials cannot be held vicariously liable for the wrongdoing of others. *Riley v. Johnson*, 528 F. Supp. 333, 341 (E.D. Mich. 1981).  Defendant Granholm is not subject to suit under § 1983, because plaintiff has failed to allege that she knew of, or took part in, the alleged deprivation of his constitutional rights. *See e.g. Bowen v. Taft,* 62 Fed. Appx. 117, 118 (6th Cir. 2003)(district court did not err in summarily dismissing prisoner lawsuit against Governor of the State of Ohio, on the ground that the governor could not be liable under a *respondeat superior* theory).

Plaintiff's suit against Patricia Caruso, the director of the Michigan Department of Corrections, is likewise subject to dismissal.  A supervisory official

3

like Caruso cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiff can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002)(*quoting Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior."*Combs,* 315 F. 3d at 558 (*citing to Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

In the present case, the complaint must be dismissed against Defendant Caruso, because the complaint does not allege that Caruso had any direct involvement in the alleged violations of the plaintiff's constitutional rights. *See Sarr v. Martin,* 53 Fed. Appx. 760, 761 (6th Cir. 2002). Any notice that Caruso might have received through the prison's grievance system would be insufficient to make her personally liable for the alleged unconstitutional acts here. *Id.* Moreover, Caruso's failure to take action upon the plaintiff's various complaints would be insufficient to render her liable for the allegedly unconstitutional actions under § 1983. *Combs,* 315 F. 3d at 558. Accordingly, plaintiff has failed to state a claim against Defendant Caruso.

The complaint must also be dismissed against the Michigan Department of

4

Corrections, because it is not a "person" subject to suit under 42 U.S.C. § 1983, and thus, the Eleventh Amendment would bar plaintiff's civil rights action against the Michigan Department of Corrections. *Rodgers v. Michigan Dept. of Corrections,* 29 Fed. Appx. 259, 260 (6th Cir. 2002); *See also Lee v. Michigan Parole Bd.,* 104 Fed. Appx. 490, 492 (6th Cir. 2004); *Haynes v. Michigan Dept. of Corrections,* 760 F. Supp. 124, 128 (E.D. Mich. 1991); *Davis v. Michigan Dept. of Corrections,* 746 F. Supp. 662, 666 (E.D. Mich. 1990).

## V. ORDER

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE**

**Dated: 9/03/08**