UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN WILSKE,

          Plaintiff,

v.

JENNIFER GRANHOLM, et al.,

          Defendants.

_____/

CIVIL ACTION NO. 08-13270

DISTRICT JUDGE MARIANNE O. BATTANI

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION:

Plaintiff's Motion to Amend Caption should be denied.

### II.   REPORT:

#### A.   Procedural History

Plaintiff's pro se Complaint was filed on July 30, 2008.  On August 19, 2008, Magistrate Judge Whalen entered an Order Granting Plaintiff's Application to Proceed Without Prepayment of Fees.  The Complaint named three Defendants: Jennifer Granholm, Governor of the State of Michigan; Patricia Caruso, Director of the Michigan Department of Corrections; and the Michigan Department of Corrections.  On September 3, 2008, the district judge entered an Opinion and Order of Dismissal based upon a finding that Plaintiff had failed to state a claim upon which relief could be granted.

On September 8, 2008, Plaintiff filed the instant Motion to Amend Caption.  By Order of Reference on October 7, 2008, the motion was referred to the magistrate judge for Report and Recommendation.

**B.**   __Analysis__

Plaintiff's Motion to Amend Caption appears to be an effort to reassert his claims against the original three Defendants, as well as to expand the scope of his suit to include Section 1983 claims against twelve additional defendants.  The motion should be denied.

Only three parties defendant were identified in Plaintiff's Complaint.  The district judge quite understandably concluded that Wilske's claims were limited to Defendants Granholm, Caruso and MDOC.  As stated in the Opinion and Order of September 3, 2008, Plaintiff failed to state a claim upon which relief could be granted against any of the named Defendants.  The Order of Dismissal with prejudice as to those parties constitutes a final Judgment as to Wilske's claims against them.  Plaintiff has not filed an Appeal or undertaken any other measure to seek relief from that Judgment.  Absent such relief, Plaintiff simply may not relitigate the identical claims.

The caption of a Complaint is not considered part of the pleader's statement of the claim.  See Wright and Miller, __Federal Practice and Procedure__: Civil 3d §1321.

> [T]he caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption.

__Hoffman v. Halden__, 268 F.2d 280, 303-04 (9th Cir. 1959).  Plaintiff appears to be attempting, by a motion to expand the caption of his Complaint, to extend his cause of action to 12 additional parties whom he did not originally designate as defendants.[1]  While Plaintiff

---

[1]  The instructions on the Prisoner Civil Rights Complaint Form plainly state that a plaintiff must identify the parties whom he seeks to sue.  "You must provide their names, positions, current addresses and the capacity (personal, official or both) in which you are suing them."  See Complaint, page 1.

attached a multitude of documents to his initial pleading, and the names of those whom he seeks to add to the caption do appear in those documents, the Complaint contains no allegations with respect to them. The totality of the factual allegations in the Complaint is as follows:

> SEE ATTACHED. ALL VIOLATED DUE PROSCES (SIC) OF RIGHTS VIOLATED CONSTITUTIONAL RIGHTS, CRULE (SIC) PUNISHMENT JUDGE WILLIAM COLLETTE VIOLATED RIGHT TO THE COURT (SIC) BY DENING (SIC) ACCESS TO THE COURT. SEE ATTACHED. EVERY TIME PLAINTIF (SIC) WOULD SEND THE MONEY THE COURT WOULD INCRESS (SIC) THE AMOUNT.

Complaint, Page 24 of 46.

Fed.R.Civ.P. 8(a) provides, in pertinent part, that "(a) pleading that states a claim for relief must contain: (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . .." A plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Rather, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations are true. Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). A pleading must contain something more than a statement which creates a mere suspicion of a legally cognizable right of action. "A complaint need not set down in detail all the particulars of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Dismissals of complaints brought under Civil Rights Statutes are scrutinized with special attention. Brooks v. Siter, 779 F.2d 1177, 1180 (6th Cir. 1985). A pro se prisoner's complaint should be held to a less stringent standard than one drafted

by an attorney.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Nonetheless, the court need not engage in a guessing game in order to determine the nature of the claims which a prisoner is asserting.  <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989).  Nor should the court be obliged to guess the identity of the persons sued.  Plaintiff's Complaint, as it relates to the newly designated defendants, is nothing more than a collection of documents generated during his prison disciplinary proceedings, combined with the bald accusation that "all violated due process of rights violated constitutional rights, crule (sic) punishment . . .."  The documents contain names which are not included in the instant Motion to Amend Caption.  No unspecified Defendant receiving the Complaint could reasonably be expected to understand, much less respond to, Plaintiff's claims.  Indeed, no effort was made to serve the Complaint upon persons not identified by Plaintiff as defendants.

As set out in the district judge's Opinion and Order of Summary Dismissal as to the original three Defendants, 28 U.S.C. §1915(e)(2)(B) provides for dismissal of a case if the court determines that the action fails to state a claim on which relief may be granted.  The instant Motion to Amend Caption is simply an effort to expand Plaintiff's case to include persons not designated as defendants in his initial pleading, and as to whom he has failed to assert factual allegations sufficient to raise a right to relief above the speculative level.  As the caption of the Complaint is not part of the substantive claim, the mere expansion of a list of names will have no effect upon the validity of this cause of action.  If the instant motion is construed as a Motion to Amend the Complaint, it should be denied as futile, since no coherent allegations have been asserted as to the newly designated parties defendant, and the originally named Defendants have been granted a final Judgment.

For all of the above reasons, I recommend that the Motion to Amend Caption be denied.

**III.**   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: October 15, 2008

---

**CERTIFICATE OF SERVICE**

I hereby certify on October 15, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 15, 2008: **Dean Wilske.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217